## Van Fossen v. Maffei

*Michael Saxe* and *Edward Weisglass*, for plaintiff.
*James S. Clifford, Jr.*, for intervenor.

ALESSANDRONI, J., December 10, 1931. — A capias ad respondendum was issued against Anthony Maffei, and on July 13, 1929, the defendant was taken into custody and a $500 certified check was deposited with the sheriff. The sheriff's return on the capias reads as follows: "Defendant taken into custody as within commanded and defendant deposits with Wm. Lindsay, chief clerk, a certified check of $500 in lieu of bail." The plaintiff obtained a verdict in the amount of $300 and filed a petition to show cause why the verdict of $300, plus $8 costs, should not be paid out of the $500 bail deposited. The Tidewater Grain Company in its petition asks for leave to intervene and for the repayment of the $500 bail to it, alleging in its petition that the $500 certified check was delivered to the sheriff by the Tidewater Grain Company at the request of the defendant. Both rules raise the question as to whether the verdict can be paid out of this bail and will, therefore, be considered together.

Under section 22 of the Act of June 13, 1836, P. L. 568, money deposited as bail shall be applied by order of court to the satisfaction of a judgment rendered in such action against the defendant. The defendant and the Tidewater Grain Company contend that the Act of 1836 was repealed by the Act of May 1, 1919, P. L. 102, which provides that "in all cases of arrest for any bailable offense or tort, under either civil or criminal process," the defendant may deposit cash bail. This act, however, does not provide for disposition of the deposit after judgment is rendered against the defendant, and, therefore, we cannot construe it as repealing the section of the Act of 1836 hereinabove referred to. Moreover, the Act of 1919 was subsequently repealed by the Act of May 12, 1921, P. L. 548, which act was then repealed by the Act of March 19, 1925, P. L. 49. The Act of March 19, 1925, however, provides that "in all criminal or quasi criminal prosecutions in any of the courts of quarter sessions and oyer and terminer or other courts of record having jurisdiction, desertion or nonsupport and surety of the peace, pending in the said courts of this Commonwealth," the defendants "or any other person or persons in their behalf" are authorized to deposit cash instead of bail. We do not believe that

this act applies to cases of arrest on capias ad respondendum, as the language of the act specifically applies to criminal or quasi criminal prosecution in the criminal courts or cases of desertion or nonsupport such as is found in domestic relations courts. The provision as to other courts of record having jurisdiction must be construed in the light of the language used in the rest of the act, and, therefore, cannot be deemed as extending to civil cases of arrest such as is now before us. We find no authority holding that section 22 of the Act of 1836 or that the provisions of the Act of 1836 are not now in full force and effect.

Moreover, the sheriff's return which appears in the record shows that the defendant deposited the $500 certified check, and, therefore, the provisions of the Act of 1836 must govern. The Tidewater Grain Company inferentially recognizes this fact, for in its petition it sets forth that it delivered the check to the sheriff at the request of the defendant. We, therefore, conclude that the plaintiff is entitled to have her judgment satisfied out of the $500 cash bail deposited with the sheriff.

The Tidewater Grain Company also requests that in the event the court allows the sum of $308 to be paid to the plaintiff from the $500 cash bail deposited, it be permitted to intervene and be allowed to have the bail remaining paid to it and the plaintiff's judgment marked to its use. The defendant has made no objection to this part of the Tidewater Grain Company's petition and rule, and under the equities of the case it is only just that this request should be granted.

And now, to wit, December 10, 1931, the rule to show cause why the prothonotary should not pay to the plaintiff or her attorney the sum of $308 from the $500 deposited with the prothonotary in satisfaction of the plaintiff's judgment and costs is made absolute, and the rule of the Tidewater Grain Company for leave to intervene is made absolute, the balance of the fund of $500 to be returned to the Tidewater Grain Company and the judgment in favor of the plaintiff to be marked to the use of the Tidewater Grain Company.